UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
      Sarah Villegas,
            Debtor.                                    No. 7-05-14708 ML


MEMORANDUM REGARDING
DEBTOR'S RIGHT TO HOMESTEAD EXEMPTION

The issue before the Court is whether the Debtor may claim a homestead exemption in property that she voluntarily transferred post-petition. The Chapter 7 Trustee seeks to sell the property and has been authorized to employ a realtor to market the property. *See Order Regarding Trustee's Application to Employ Realtor for Trustee* (Doc. 71). Having reviewed the pleadings, the arguments of counsel, and being otherwise sufficiently informed, the Court will deny the Debtor's claim of exemption. The relevant facts are not in dispute and are as follows:

1. On June 10, 2005, Debtor filed this bankruptcy proceeding under Chapter 13 of the Bankruptcy Code.

2. On her Schedule A, Debtor listed her primary residence, a duplex located at 1140 Colorado Avenue, Las Cruces, New Mexico (the "Property"), with a market value of $60,000.00 and subject to a secured claim in the amount of $49,601.07 held by Wells Fargo Bank, N.A. Doc. 5 (Schedules A and D); Claim No. 3.

3. On her Schedule C, Debtor claimed a homestead exemption in the Property under 11 U.S.C. § 522(d)(1)[1] in the amount of $10,398.93, which is the amount of the equity interest in

---

[1] Section 522(d) states
   The following property may be exempted under subsection (b)(2) of this section:
   (1) The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as

1

the Property based on the market value listed in Schedule A. Doc. 5.

4. The Chapter 13 Trustee did not object to the Debtor's exemptions.

5. On August 31, 2006 Debtor filed a notice of voluntary conversion to Chapter 7 and filed an Amended Schedule J and an Amended Statement of Intention. Docs. 47, 48 and 49.

6. The Amended Statement of Intention stated that Debtor was going to "retain [the Property] and continue to make regular payments" to the mortgage holder. Doc. 49.

7. One week later, on September 7, 2006, Debtor executed a Warranty Deed conveying the Property to Stratosphere Group, LLC ("Stratosphere"). The deed was recorded in the office of the Clerk of Dona Ana County, New Mexico on September 18, 2006. Tr's Brief Ex. A. After the conveyance of the Property, the first mortgage holder received the sum of $11,945.48, which brought the payments current through the month of September 2006.

8. At the time that the Property was transferred to Stratosphere, Mr. Nelson Arroyo, Stratosphere's principal, was aware that the Debtor was in bankruptcy.

9. On September 14, 2006, Mortgage Electronic Registration Systems, Inc. ("MERS"), the mortgage servicing agent for the first mortgage on the Property, filed a Motion for Relief From Stay (the "Stay Motion") seeking to foreclose its lien on the Property. Doc. 55; Claim 6.

10. Sometime after the Stay Motion was filed, Debtor notified the MERS that she no longer owned the Property.

11. The Chapter 7 creditors meeting was held on October 24, 2006.

12. No objection to Debtor's claim of exemptions was filed in the Chapter 7.

---

a residence, . . .
All future statutory references are to title 11 of the United States Code unless otherwise indicated.

2

13. On or about November 27, 2006, Mr. Arroyo, on behalf of Stratosphere, transferred the Property to the Chapter 7 Trustee by Quit Claim Deed. The Quit Claim Deed and a copy of the Trustee's appointment document were recorded in the Dona Ana County Clerk's office on December 6, 2006.

14. On November 28, 2006, Stratosphere filed a proof of claim in this bankruptcy in the amount of $11,945.48 plus $3,495.00.

15. On December 20, 2006, the Chapter 7 Trustee filed an Application to Employ a Realtor to sell the Property ("Application to Employ"). In the Application to Employ, the Trustee stated that according to a recent market analysis, the Property could be listed for the selling price of $90,000.00 to $95,000.00. *See* Doc. 66.

16. On January 8, 2007, Debtor filed an Objection to Motion to Employ the Realtor stating that her exemption removed the Property from the bankruptcy estate; therefore, the Trustee had no ownership interest in the Property and no right to sell the Property. Doc. 68.

17. A hearing was held on the Application to Employ. Based on the arguments at the hearing, the Court instructed the Trustee and the Debtor to submit briefs on the question of whether Debtor could claim an exemption in the Property.

## Discussion

The Trustee argues that pursuant to § 549, Debtor's transfer of the Property to Stratosphere was an avoidable post-petition transfer of "property of the estate" that the Trustee recovered from Stratosphere under the authority of § 550. The Trustee further asserts that under the express language of § 522(g), Debtor may not now claim an exemption in the recovered Property even though no objection to Debtor's claimed exemption was filed. This case involves

3

the interplay of the exemption provisions of the Bankruptcy Code and the related objection deadline from the Bankruptcy Rules and the Trustee's avoidance and recovery powers. The relevant Code provisions are found in §§ 522, 549, and 550.

Section 549 provides

> (a) . . . the trustee may avoid a transfer of property of the estate–
> (1) that occurs after the commencement of the case; and
> (2) . . .
> (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a). The Trustee may also recover the Property for the estate from the initial transferee pursuant to § 550, which provides

> (a) . . . to the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
>
> (1) the initial transferee of such transfer . . .

11 U.S.C. § 550(a).

Section 522(g) provides

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section . . . 550 . . . of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred if –
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor;
>
> and
>
> (B) the debtor did not conceal such property; . . .

11 U.S.C. § 522(g).

Debtor argues that these sections are not relevant to her claim of exemption, which she argues may not be questioned because no timely objection was filed. Debtor cites § 522(l),

4

which states, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt," and Rule 4003, which states "a party in interest may file an objection to [an exemption] within 30 days after the meeting of creditors . . . is concluded . . ." 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(b)(1). Debtor is correct that once the objection period expires, the property claimed exempt becomes exempt. However, Debtor carries this argument further and contends that the effect of her exemption was to remove the Property from the bankruptcy estate. Because the Property was removed from the estate, Debtor contends that she could not have transferred "property of the estate," and the Trustee may not avoid the transfer under § 549.

The Court rejects Debtor's argument that once the deadline for objections passed, her exemption survives any enforcement of other Code provisions with regard to the exempt property. Here, the Trustee is not contesting Debtor's right to claim the exemption under § 522(d). Instead, the Trustee is enforcing § 522(g)'s prohibition on the exemption of property recovered by the Trustee under the avoidance and recovery provisions found in §§ 549 and 550. *See In re Duncan*, 329 F.3d 1195, 1203 (10th Cir. 2003) (stating that when trustee successfully avoids a transfer by the debtor, the trustee is not prohibited by the 30-day claims objection period from contesting exemption under § 522(g)). Under the Debtor's reasoning, if the Trustee's avoiding powers were subject to the 30-day objection deadline, then the applicable two-year limitations period for § 549 avoidance actions[2] would be rendered meaningless. *Id.*

---

[2] The applicable limitations period for § 549 actions is in § 549(d), which provides

> An action or proceeding under this section may not be commenced after the earlier of-- (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed.

11 U.S.C. § 549(d).

5

Therefore, the Court finds that the 30-day deadline for filing objections to exemption does not bar the Trustee's request to deny Debtor this exemption under § 522(g).

Debtor next argues that even if the 30-day deadline does not bar the Trustee from arguing that the exemption is unavailable, the Trustee could not avoid the transfer under § 549 because Debtor did not transfer "property of the estate." Debtor contends that since the claimed exemption amount and the lien amount equaled the entire value of the Property as stated in the schedules, the entire Property was exempt at the time of the transfer. According to Debtor, she did not transfer "property of the estate," and the transfer was not avoidable under § 549. This reasoning is flawed because at the time of the transfer, one week after the case was converted to Chapter 7, no Chapter 7 creditors meeting had been held, and the time for objection to exemptions had not expired. 11 U.S.C. § 341(a); Fed. R. Bankr. P. 2003(a). Therefore, the Property was not exempt and was clearly part of the bankruptcy estate at the time of the transfer. The Debtor transferred "property of the estate" to Stratosphere, and the transfer was avoidable under § 549.

Even after the time for objecting to exemptions, the bankruptcy estate retained an interest in the Property. And, until the estate's interest is administered, abandoned by the trustee or abandoned when the bankruptcy case is closed, that interest remained part of the estate. 11 U.S.C. § 554. Debtor claimed an exemption under § 522(d)(1), which is limited "to her aggregate interest, not to exceed $18,450 in value, in real property . . . used as a residence." 11 U.S.C. § 522(d)(1). Debtor claimed an exemption of $10,398.93, representing the amount of Debtor's aggregate interest in the Property; therefore, the exemption was limited to $10,398.93 of value in the Property. *See Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 72 (stating that the

6

federally listed exemptions in § 522(d) are expressly restricted to the debtor's aggregate interest up to the maximum amount). To the extent the value of the Property was higher than the claimed exemption amount and the amount of any encumbrances, the Trustee may pursue that excess value for the benefit of creditors. *See In re Bregni*, 215 B.R. 850, 853 (Bankr. E. D. Mich. 1997) (holding that claimed exemption of $15,000.00 did not entitle debtor to all of the excess sales proceeds realized above the amount of secured claims and noting that a number of courts had rejected this argument); *Soost*, 262 B.R. at 72 (" . . . where the value of an asset exceeds the amount of the claimed exemption, the asset as a whole does not become exempt."). Because the Property was part of the estate, the Trustee could avoid the Debtor's transfer of the Property, and/or sell or otherwise administer the Property to realize any additional value above the amount of liens, claims and other interests asserted against the Property. *Soost*, 262 B.R. at 72 (noting that homestead exemption in specific dollar amount does not render homestead immune from sale by trustee in bankruptcy).

When Debtor transferred the Property to Stratosphere, she made a voluntary post-petition transfer of property of the estate, which was avoidable by the Trustee under § 549 and recoverable for the estate under § 550. Once the Trustee regained title to the Property for the estate, § 522(g) now prevents the Debtor from reasserting a claim of exemption in the Property. *See Redmond v. Tuttle*, 698 F.2d 414, 417-18 (10th Cir. 1983) (upholding denial of exemption even though objecting party did not timely object to exemption because property was voluntarily transferred by debtor and recovered by trustee); *In re Trevino*, 96 B.R. 608, 613 (Bankr. E.D.N.C. 1989)("In enacting § 522(g) . . ., Congress appears to have been taking the view that debtors should not be permitted to exempt property which they had already willingly given

7

up."); *In re Carpenter*, 56 B.R. 704, 706 (Bankr. D.R.I. 1986) (holding that § 522(g) barred debtor from claiming exemption in property transferred by debtor to his wife with intent to put the property beyond reach of creditors).

It does not matter that the Trustee did not formally avoid the transfer. As stated by the 9th Circuit Bankruptcy Appellate Panel,

> where a debtor voluntarily transfers property in a manner that triggers the trustee's avoidance powers . . ., and such property is returned to the estate as a result of the trustee's actions directed toward either the debtor or the transferee, the debtor is not entitled to claim an exemption under § 522(g)(1). It is not necessary for the trustee to commence a formal adversary proceeding or obtain a final judgment to prevail on an objection to a debtor's claim of exemption pursuant to § 522(g)(1).

*Hitt v. Glass (In re Glass)*, 164 B.R. 759, 764-65 (9th Cir. BAP 1994) (upholding denial of exemption in property recovered by trustee through reconveyance instead of adversary proceeding where debtor transferred assets to his son for no consideration 37 days before bankruptcy). Even though the Trustee did not formally recover the Property through an avoidance action, the Property was nevertheless recovered by the Trustee for the estate from the transferee. Under § 522(g), the Debtor may not claim a homestead exemption. The Trustee may administer the Property for the benefit of creditors.

Based on the foregoing, the Court HEREBY DENIES the Debtor's claim of exemption in the Property.

*[signature]*
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

COPY TO:

R Trey Arvizu, III

8

Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004-1479

Kieran F. Ryan
Chapter 7 Trustee
PO Box 26
Las Cruces, NM 88004-0026

9